IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:15cr170 (DJN)

MARCUS L. HARRIS,
Petitioner.

**MEMORANDUM OPINION**

This matter comes before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 100) filed by Marcus L. Harris ("Petitioner" or "Harris"), a federal inmate proceeding *pro se*, who has moved the Court to vacate, set aside, or correct his sentence for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). Petitioner contends that the following grounds entitle him to relief:[1]

| | |
|---|---|
| Claim One | "Violation of . . . right to counsel. [Harris] invoked *Miranda*[2] and was not provided counsel." (*Id.* at 4.) |
| Claim Two | "Ineffective assistance of counsel." (*Id.* at 5.) |
| Claim Three | "Illegal search & seizure of cellular phone; officer perjury regarding claim of abandonment." (*Id.* at 7.) |

The Government filed a Response asserting that Petitioner's claims are untimely and otherwise lack merit. (ECF No. 103.) Petitioner filed a Reply. (ECF No. 104.)

On September 18, 2020, Petitioner also filed a handwritten "Motion to Vacate Judgment Under 28 U.S.C. § 2255" that the Court construed as a Motion to Amend pursuant to Rule 15 of

---

[1] The Court employs the pagination assigned by CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

the Federal Rules of Civil Procedure. ("Motion to Amend," (ECF No. 109); *see* ECF No. 110, at 1 (construing filing as a Motion to Amend).) In his Motion to Amend, Petitioner contends that the Court must vacate his conviction based upon the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 109, at 4.) The Government filed a Response asserting that Petitioner's *Rehaif* claim was both untimely and procedurally defaulted. (ECF No. 113.) Petitioner filed a Reply. (ECF No. 118.) This matter is now ripe for review.

For the reasons set forth below, the § 2255 Motion is barred by the statute of limitations and will be DISMISSED. The Motion to Amend will also be DENIED as futile.

## I. PROCEDURAL HISTORY

On April 6, 2016, following a trial, a jury found Petitioner guilty of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 58, at 1; *see also* ECF No. 9, at 1.)[3] On June 30, 2016, the Court sentenced Petitioner to 120 months of imprisonment. (ECF No. 80, at 1–2.) Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. (ECF No. 82.) On May 5, 2017, the Fourth Circuit affirmed the judgment of this Court. (ECF No. 92.) Petitioner then filed a petition for a writ of certiorari. (ECF No. 96.) On November 6, 2017, the Supreme Court of the United States denied the petition for a writ of certiorari. (ECF No. 97.)

On December 12, 2018, the Court received an undated letter from Petitioner requesting an extension of time to file his § 2255 Motion, which Petitioner acknowledged was due on or before November 6, 2018. (ECF No. 98, at 1.) By Memorandum Order, dated December 28, 2018, the Court denied Petitioner's request for an extension of time, because Petitioner failed to

---

[3]   The jury found Petitioner not guilty of two additional charges: Possession with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 58, at 1–2; ECF No. 9, at 2–3.)

2

submit an actual 28 U.S.C. § 2255 motion. (ECF No. 99, at 1–2.) At that time, the Court directed the Clerk to send Petitioner "the form for filing a motion under 28 U.S.C § 2255." (*Id.*) On April 19, 2019, Petitioner placed his current § 2255 Motion in the prison mail system.[4] (ECF No. 100, at 13.)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. Running of the Statute of Limitations

The Supreme Court denied Petitioner a petition for a writ of certiorari on November 6, 2017. (ECF No. 97.) Consequently, under 28 U.S.C. § 2255(f)(1), Petitioner's conviction

---

[4] The Court deems Petitioner's § 2255 Petition to be filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

became final on that day. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when t[he] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Thus, Petitioner had until Tuesday, November 6, 2018, to file a motion under § 2255 challenging his conviction and sentence. Because Petitioner did not file his § 2255 Motion until April 19, 2019, the motion is untimely.

Petitioner concedes the untimeliness of his § 2255 Motion; however, he requests that the Court apply the doctrine of equitable tolling to his § 2255 Motion. (ECF No. 100, at 12.)

### B. Equitable Tolling

Equitable tolling may apply to motions pursuant to 28 U.S.C. § 2255. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases."). The Supreme Court has "made clear that a [movant] is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (citation and internal quotation marks omitted). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate that he satisfies both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner clearly knew that his § 2255 Motion was due on November 6, 2018. (*See* ECF No. 98, at 1 (conceding that § 2255 Motion "was due Nov. 6, 2018"); *see also* ECF No. 101, at 2 ("Petitioner was aware of the filing requirement").) Nevertheless, Petitioner vaguely contends that "the realities of the prison system . . . hamper[ed] his efforts" to file his motion on time. (ECF No. 101, at 3.) Petitioner generally alleges that a transfer between facilities, limited access

to his personal property, limited access to the law library and being housed in a Special Housing Unit ("SHU") stymied his ability to file his § 2255 Motion on time. (ECF No. 101-1, at 2; ECF No. 98, at 1.)

Petitioner fails, however, to state with any specificity how any of the conditions complained of prevented him from acting diligently to protect his rights or from filing his § 2255 Motion on time. *See Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010) (citations omitted) (holding that an inmate must explain with specificity how the alleged conditions actually hindered his efforts to pursue his claims within the statute of limitations); *see also O'Neill v. Dir., Va. Dep't. of Corr.*, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011) (observing that an inmate must "demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion").

Petitioner does not specify the personal items or documents that he required to complete his § 2255 Motion. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (holding that an inmate must "explain why the documents [in question] were necessary to pursue his federal claim" (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000))). Nor does he specify how additional time in the library would have facilitated the timely filing of his Motion. *See Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (observing that there is no "abstract, freestanding right to a law library or legal assistance" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996))). Petitioner does not state that he was prevented from conducting any particular research or denied access to any specific information, much less demonstrate that inadequate access to a law library amounted to a full-blown violation of his right to access to the courts. Petitioner's allegations concerning his time in the SHU are similarly vague and lack supporting factual details and, therefore, do not support the application

of equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling.").

Petitioner likewise fails to explain how a brief period spent in transit between facilities impaired his overall ability to complete his § 2255 Motion or file it on time. Moreover, by Petitioner's own account, the transfer in question occurred on or about November 8, 2018. (ECF No. 98, at 1.) As stated above, Petitioner's § 2255 Motion was due by November 6, 2018. Thus, the Court fails to discern how this transfer, which appears to have occurred after Petitioner's deadline to file his § 2255 Motion, bears on the analysis.

Even if Petitioner offered more than conclusory allegations, which he does not, his argument would nevertheless fail, as Petitioner ignores the fact that routine aspects of prison life, such as "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" that would warrant equitable tolling. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (alteration in original ) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)); *see also Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (holding that five-month confinement in special housing unit "d[id] not constitute an extraordinary circumstance warranting the application of equitable tolling" absent a showing that movant was unable to correspond with the court); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (internal quotation marks omitted) (second alteration in original) (holding that equitable tolling was not warranted "simply because [an inmate] remained in administrative segregation and had limited access to the law library [and] copy machine"); *Vincent v. United States*, 2013 WL 149710, at *3 (W.D. Ky. Jan. 14, 2013) (concluding that inmate's time in the

SHU did not justify equitable tolling, because inmate failed to explain how it prevented him from filing a motion with the court).

Moreover, Petitioner is not entitled to equitable tolling, as he has failed to show that he exercised diligence in protecting his rights. *See Holland*, 560 U.S. at 649 (requiring a showing of diligence for the application of equitable tolling). It appears that Petitioner was sent to the SHU on September 12, 2018. (ECF No. 98, at 1; ECF No. 103–3, at 2.) Assuming that Petitioner was in the SHU from that date until November 6, 2018, the date on which his § 2255 Motion was due, Petitioner still had ample time before being sent to the SHU. Had he acted diligently during this time, he could have filed his § 2255 Motion then. Petitioner offers no explanation for why he did not submit his § 2255 Motion during this time. Further, on December 28, 2018, the Court sent Petitioner a form to complete his § 2255 Motion. (ECF No. 99.) Yet, it took Petitioner nearly four months to submit his § 2255 Motion (ECF No. 100, at 13), even though it appears that his property had been returned to him by November 29, 2018 (ECF No. 98, at 1), and that he spent at least a portion of this time out of the SHU.[5]

In any event, Petitioner has failed to carry his "strong burden to show specific facts" that demonstrate his entitlement to equitable tolling. *Yang*, 525 F.3d at 928 (citation omitted). "Simply put, [Harris] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill*, 2011 WL

---

[5] The Court notes that the Government has submitted an affidavit from Petitioner's case manager, which indicates that Petitioner was released from the SHU on November 8, 2018. (ECF No. 103–3, at 2.) The affidavit further indicates that Petitioner was sent back to the SHU for undisclosed reasons on March 23, 2019, and that he remained there until April 17, 2019. (*Id.*) Petitioner filed his § 2255 Motion on April 19, 2019. (ECF No. 100, at 13.) Given this time frame, it seems that Petitioner may have been able to work on his § 2255 Motion while in the SHU. If true, this fact would further erode Petitioner's claim for entitlement to equitable tolling.

7

3489624, at *6. Accordingly, Petitioner's § 2255 Motion is barred by the statute of limitations and will be DISMISSED.

### III. MOTION TO AMEND

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). In his Motion to Amend, Petitioner seeks to add a claim that his conviction must be vacated based upon the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 109, at 4.) Petitioner fails to explain, and the Court fails to discern, why Petitioner should be allowed to amend an untimely § 2255 Motion not properly before the Court.

However, even if such an amendment were theoretically possible in the abstract, the Court appropriately denies as futile Petitioner's request for leave to amend, when the statute of limitations bars the new claim. *See Ingram v. Buckingham Corr. Ctr.*, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011). As discussed below, the statute of limitations bars Petitioner's claim under *Rehaif*.

Construed in a light most favorable to Petitioner, 28 U.S.C. § 2255(f)(3) applies a one-year statute of limitations running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Setting aside the question of whether *Rehaif* has been "made retroactively applicable to cases on collateral review," the Court notes as an initial matter, that the Supreme Court decided *Rehaif* on June 21, 2019. 139 S. Ct. at 2191. Thus, any right that could be "newly recognized by the Supreme Court" in *Rehaif*, would have been "initially recognized" on June 21, 2019. 28 U.S.C.

§ 2255(f)(3). Accordingly, any person seeking to avail themselves of that "newly recognized" right would have had to bring his claim no later than June 21, 2020. *Id.* Petitioner did not bring his claim until September 14, 2020, when he placed his Motion to Amend in the prison mail system. (*See* ECF No. 109, at 5.)

The Government argues that Petitioner's *Rehaif* claim was untimely on precisely this basis. (ECF No. 113, at 6–8.) Petitioner responds in a conclusory fashion that his "claim is timely." (ECF No. 118, at 3.) Petitioner is mistaken on this point. Petitioner then goes on to argue, apparently in the alternative, that he is entitled to a period of equitable tolling based on the Covid–19 pandemic and related lockdowns at prison facilities nationwide. (*Id.* at 5–6.)

Here again, Petitioner offers only vague and conclusory claims that lack supporting factual details. *See San Martin*, 633 F.3d at 1268; *see also Mayes*, 376 F. App'x at 816–17 (holding that an inmate must explain with specificity how the alleged conditions actually hindered his efforts to pursue his claims within the statute of limitations).[6] As was the case with his § 2255 Motion, Petitioner "fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing [his *Rehaif* claim] in a timely fashion." *O'Neill*, 2011 WL 3489624, at *6. As such, Petitioner's proposed amended claim is barred by the statute of limitations and granting leave to amend would be futile.

Accordingly, Petitioner's Motion to Amend (ECF No. 109) will be DENIED.

---

[6] Petitioner does not even bother to allege when the lockdown that he complains of was instituted. According to the New York Times, the first case of Covid–19 in the United States was identified in January of 2020. *See* https://www.nytimes.com/article/coronavirus-timeline.html (last visited April 20, 2021). The Centers for Disease Control did not recommend limitations on gatherings in the United States until March of 2020. *Id.* Assuming the lockdown Petitioner complains of did not occur until after that time, that still leaves at least six months, likely more, after *Rehaif* was decided, but before any lockdown would have been instituted, where Petitioner could have filed his motion to amend, if he had been acting diligently to protect his rights. Petitioner does not address this fact.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion (ECF No. 100) will be DISMISSED as untimely. Petitioner's Motion to Amend (ECF No. 109) will likewise be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[7]

An appropriate order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Petitioner and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: May 6, 2021

---

[7] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard.