IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

        v.                                      Criminal No. 3:15cr170 (DJN)
                                                Civil Action No._____

MARCUS L. HARRIS,
Defendant.

## **MEMORANDUM OPINION**

This matter comes before the Court on two motions filed by Marcus L. Harris, a federal inmate proceeding *pro se*: a Motion to Dismiss, (ECF No. 127), and a Request for the Appointment of Counsel, (ECF No. 126). In his Motion to Dismiss, Harris challenges his felon-in-possession conviction under 18 USC § 922(g)(1) on constitutional grounds. By Memorandum Opinion and Order entered on May 6, 2021, the Court denied a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner. (ECF Nos. 119, 120.) As discussed below, the Motion to Dismiss is a successive unauthorized § 2255 motion. ("Successive § 2255 Motion.").

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (*quoting Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2255 motion from Harris absent authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Harris cannot avoid that result by styling his present motion as a Motion to Dismiss. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (*citing Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (*citing Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Harris's current motion challenging his 18 USC § 922(g)(1) conviction on constitutional grounds falls squarely within the ambit of 28 U.S.C. § 2255(a). Because the Fourth Circuit has not authorized this Court to entertain Harris's Successive § 2255 Motion, the Successive § 2255 Motion (ECF No. 127) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. The Clerk will be DIRECTED to file the Successive § 2255 Motion (ECF No. 127) as an unauthorized successive motion under 28 U.S.C. § 2255. The action will be DISMISSED for want of jurisdiction.

Regarding Defendant's Request for the Appointment of Counsel, (ECF No. 126), there is no constitutional right to appointed counsel in post-conviction proceedings. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Upon review of Harris' motion, the Court concludes the interests of justice do not require the appointment of counsel at this juncture. The Request for the Appointment of Counsel (ECF No. 126) is therefore DENIED WITHOUT PREJUDICE.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Petitioner.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: August 10, 2023